62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FORKED DEER ELECTRIC COOPERATIVE, INC., Plaintiff/Appellant,
v.
The CITY OF RIPLEY, TENNESSEE, and its Mayor, Rozell Criner,
and Aldermen, L.W. Poston, Jr., Tommy Dunavant, Jon
Pavletic, Richard Douglas, Charlie Moore, and Pete Lawrence;
Ripley Power and Light Company and its Directors, Jim
Sealey, Tommy Dunavant, and Samuel C. Lee; the Town of
Halls, Tennessee, and its Mayor, Randall Harris, and
Aldermen, Eugene Pugh, Stan Young, Mack Stanley, Barry
Britt, Noel Sherrod, and James Tyus; James Lowery and wife,
Iris Lowery, Defendants-Appellees.
 No. 93-5569.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1995.
 
 Before: BOGGS, SILER and TIMBERS,* Circuit Judges.
 PER CURIAM.
 
 
 1
 This case involves the computation of compensation for the taking of the facilities and customers of an electric power franchise. As an underlying issue in the determination of compensation was the application of Tennessee law, this matter was certified to the Supreme Court of Tennessee. It decided Forked Deer Electric Cooperative, Inc. v. City of Ripley, 883 S.W.2d 582 (Tenn.1994), which outlines in more detail the facts of this case.
 
 
 2
 When the district court here determined compensation granted to Forked Deer, it generally applied the formula set out in Tenn.Code Ann. Sec. 6-51-112(a)(2), but modified it because it found that Forked Deer made an effort to defeat the right of Ripley to benefit from its exclusive franchise for customers living in Halls and continued to receive revenue from customers within the corporate boundaries of Halls for at least four years. Thus, it reduced the compensation to allow for that.
 
 
 3
 The Tennessee Supreme Court found that it was not per se inappropriate for the district court to modify the statutory compensation formula contained in Tenn.Code Ann. Sec. 6-51-112(a)(2). Id. at 586. Instead, the court "has some discretion to modify the formula where the equities of the case dictate." Id.
 
 
 4
 In this case, the court found that equities of the case dictated a variance from the statutory formula and reduced the compensation accordingly. We find there was no abuse of discretion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable William H. Timbers, Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation. Judge Timbers died between the time of oral argument and the time this decision was rendered